# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| AMITY ENTERTAINMENT, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:07-0023 |
| ) | Judge Trauger |
| AIM GROUP, LLC and AIM GROUP ) | |
| FILMS, a division of AIM Group, LLC, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM and ORDER**

The defendants have filed a Motion to Dismiss For Lack of Personal Jurisdiction (Docket No. 7), to which the plaintiff has responded (Docket No. 19), and the defendants have replied (Docket No. 24).

### Standard

A court deciding a motion to dismiss for lack of personal jurisdiction may rule on the motion on the basis of affidavits alone, permit discovery in aid of the motion, or conduct an evidentiary hearing on the merits of the motion. *See Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998) (quoting *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)). In all cases, the party asserting personal jurisdiction bears the burden of establishing that such jurisdiction exists. *See Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003); *see also Bird v. Parsons*, 289 F.3d 865 871 (6th Cir. 2002); *Compuserve, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996).

No party has requested an opportunity for discovery or an evidentiary hearing; therefore the court will decide the motion on the affidavits presented. When a court rules on a motion to dismiss

1

for lack of personal jurisdiction without conducting an evidentiary hearing, the party asserting jurisdiction need only make a prima facie showing of jurisdiction to defeat the motion. *See Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002); *see also Bird*, 289 F.3d at 871; *Dean*, 134 F.3d at 1272 (quoting *Compuserve*, 89 F.3d at 1262). The court does not consider facts proffered by the party seeking dismissal that conflict with those offered by the plaintiff, nor does the court weigh controverting assertions of the party seeking dismissal. *See Neogen*, 282 F.3d at 887; *see also Bird*, 289 F.3d at 871; *Compuserve*, 89 F.3d at 1262. Rather, the court construes the facts in the light most favorable to the nonmoving party in order to "prevent non-resident defendants from regularly avoiding personal jurisdiction simply by filing an affidavit denying all jurisdictional facts." *Compuserve*, 89 F.3d at 1262 (quoting *Theunissen v. Matthews,* 935 F.2d 1454, 1458 (6th Cir. 1991)); *see also Bird*, 289 F.3d at 871; *Neogen*, 282 F.3d at 887; *Dean*, 134 F.3d at 1272 (quoting *Serras*, 875 F.2d at 1214). "Dismissal in this procedural posture is proper only if *all* the specific facts which the plaintiff . . . alleges collectively fail to state a *prima facie* case for jurisdiction." *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 149 (6th Cir. 1997) (quoting *Compuserve*, 89 F.3d at 1262). Nevertheless, a court is not required to ignore undisputed factual representations of the moving party that are consistent with the representations of the nonmoving party. *See Kerry Steel*, 106 F.3d at 153.

A federal court may only exercise personal jurisdiction in a diversity case such as this if such jurisdiction is authorized by the law of the state in which the court sits and is otherwise consistent with the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution. *See Youn*, 324 F.3d at 417; *Neogen*, 282 F.3d at 888. "Where the state long-arm statute extends to the limits of the due process clause, the two inquiries are merged and the court need only determine whether

2

exercising personal jurisdiction violates due process." *Bridgeport Music, Inc. v. Still N. the Water Publ'g*, 327 F.3d 472, 477 (6th Cir. 2003) (citing *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co., Ltd.*, 91 F.3d 790, 793 (6th Cir. 1996); *see also Aristech Chem. Int'l Ltd. v. Acrylic Fabricators Ltd.*, 138 F.3d 624, 627 (6th Cir. 1998). The Tennessee long-arm statute[1] has been interpreted to extend to the limits of due process. *See Bridgeport Music*, 327 F.3d at 477; *see also Neal v. Janssen*, 270 F.3d 328, 331 (6th Cir. 2001); *Masada Inv. Corp. v. Allen,* 697 S.W.2d 332, 334 (Tenn. 1985). Therefore, the court need only address whether exercising personal jurisdiction over the defendants is consistent with federal due process requirements.

The underlying principle of the due process analysis in the context of personal jurisdiction is that, when a defendant is not physically present in a forum, he must have "certain minimum

---

[1]Tennessee's long-arm statute, as codified at Tenn. Code Ann. § 20-2-214, provides, in relevant part:

> (a) Persons who are nonresidents of Tennessee and residents of Tennessee who are outside the state and cannot be personally served with process within the state are subject to the jurisdiction of the courts of this state as to any action or claim for relief arising from:
> (1) The transaction of any business within the state;
> (2) Any tortious act or omission within this state;
> (3) The ownership or possession of any interest in property located within this state;
> (4) Entering into any contract of insurance, indemnity, or guaranty covering any Person, property, or risk located within this state at the time of contracting;
> (5) Entering into a contract for services to be rendered or for materials to be furnished in this state;
> (6) Any basis not inconsistent with the constitution of this state or of the United States;
> (7) Any action of divorce, annulment or separate maintenance where the parties lived in the marital relationship within this state, notwithstanding one party's subsequent departure from this state, as to all obligations arising for alimony, custody, child support, or marital dissolution agreement, if the other party to the marital relationship continues to reside in this state.

contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Youn*, 324 F.3d at 417 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)); *see also Neogen*, 282 F.3d at 889; *Kerry Steel*, 106 F.3d at 150.

The Supreme court distinguishes between "general" jurisdiction and "specific" jurisdiction, either of which can be a basis for personal jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984); *see also Youn*, 324 F.3d at 417; *Bridgeport Music*, 327 F.3d at 477. General jurisdiction is present when a defendant's contacts with the forum state are "substantial" and "continuous and systematic," such that a state may exercise personal jurisdiction over a defendant in a suit not arising out of or related to the defendant's contacts with the forum. *See Youn*, 324 F.3d at 418; *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 n. 15 (1985) (quoting *Helicopteros*, 466 U.S. at 414 n. 9 (1984)); *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445 (1952); *Aristech*, 138 F.3d at 627. Specific jurisdiction is when "a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum." *Youn* (quoting *Helicopteros*, 466 U.S. at 414 n. 8); *Kerry Steel*, 106 F.3d at 149.

In its Complaint, the plaintiff claims that this court has both general and specific jurisdiction over the defendants. (Docket No. 1, ¶2) However, in its Response to the Motion to Dismiss, the plaintiff appears to abandon its claim of general jurisdiction and relies, instead, exclusively upon the claim that this court has specific jurisdiction over the defendants. (Docket No. 19 at 7-10)

In *Southern Machine Co. v. Mohasco Industries, Inc.*, the Sixth Circuit established a three-part test for determining whether a court could exercise specific jurisdiction consistent with federal due process:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action

4

> must arise from the defendant's activities there. Finally, the acts of the defendant or consequence caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Southern Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374 381 (6th Cir. 1968), *quoted in Bridgeport Music*, 327 F.3d at 477-78; *see also Youn*, 324 F.3d at 418.

With respect to the first *Mohasco* prong, Sixth Circuit case law requires that the defendant "purposefully avail[] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Dean*, 134 F.3d at 1273 (quoting *Burger King*, 471 U.S. at 475). "This purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Id*. Purposeful availment is "something akin to a deliberate undertaking to do or cause an act or thing to be done [in the forum state] or conduct which can be properly regarded as a prime generating cause of the effects resulting in [the forum state], something more than a passive availment of the [forum state's] opportunities." *Bridgeport Music*, 327 F.3d at 478 (quoting *Neogen*, 282 F.3d at 891) (alteration in original). The purposeful availment prong is satisfied "when the defendant's contacts with the forum state proximately result from actions by the defendant *himself* that create a substantial connection with the forum State, and when the defendant's conduct and connection with the forum are such that 'he should reasonably anticipate being haled into court there.'" *Bridgeport Music*, 327 F.3d at 478 (quoting *Compuserve*, 89 F.3d at 1263) (internal quotation marks omitted).

The second factor asks whether the plaintiff's claims "arise from" the defendant's contacts with Tennessee. The Sixth Circuit has observed that, "[i]f a defendant's contacts with the forum state are related to the operative facts of the controversy, then an action will be deemed to have

5

arisen from those contacts." *Compuserve*, 89 F.3d at 1267; *see also Bird,* 289 F.3d at 875. "Although this does not require that the cause of action arise formally and directly from defendant's contacts with the forum, the cause of action must still 'have a substantial connection with the defendant's in-state activities.'" *Dean*, 134 F.3d at 1275 (quoting *Third Nat'l Bank in Nashville v. WEDGE Group, Inc.*, 882 F.2d 1087, 1091 (6th Cir. 1989), *cert. denied*, 493 U.S. 1058 (1990)). "Only when the operative facts of the controversy are not related to the defendant's contact with the state can it be said that the cause of action does not arise from that [contact]." *Mohasco*, 401 F.2d at 384 n. 29.

In analyzing the third *Mohasco* requirement, which asks whether the acts of the defendant or consequences caused by the defendant have a substantial connection with the forum state so as to make the exercise of jurisdiction over the defendant reasonable, courts are directed to consider several factors, including, "the burden on the defendant, the interest of the forum state, the plaintiff's interest in obtaining relief, and the interest of other states in securing the most efficient resolution of controversies." *Compuserve*, 89 F.3d at 1268; *see also Youn*, 324 F3.d at 419; *Bird*, 289 F.3d at 875. If the first two requirements are met, an inference arises that the third factor is also satisfied. *See Bird*, 289 F.3d at 875; *Mohasco*, 401 F.2d at 384. Conversely, the Sixth Circuit in *Dean* observed that it would not pursue the "complex inquiry" posed by this third requirement since the "lack of purposeful availment is dispositive." *Dean*, 134 F.3d at 1275.

## Analysis

The plaintiff asserts in its Complaint that personal jurisdiction over the defendants is grounded, in part, upon their maintenance of an "interactive website." (Docket No. 1, ¶2) The defendants go to great lengths in their Motion to Dismiss to establish that their website is not

6

interactive. In responding to the Motion to Dismiss, the plaintiff appears to have abandoned the claim that the defendants' website is interactive or in any way establishes this court's personal jurisdiction over the defendants. Therefore, the court need not engage in a discussion of this issue.

In their arguments for and against this court's specific personal jurisdiction over the defendants, both parties rely upon *Bridgeport Music, Inc. v. Still N. the Water Publ'g*, 327 F.3d 472 (6th Cir. 2003). In that case, the plaintiff alleged that a music publishing firm (referred to as "NTW" in the opinion), a Texas corporation with its principal place of business in Texas, was infringing the plaintiff's copyrights by licensing another entity to distribute infringing works in Tennessee and elsewhere. In *Bridgeport*, the Sixth Circuit adopted, for the first time, what is referred to as Justice O'Connor's "stream of commerce 'plus'" theory, as articulated in *Asahi Metal Industry Company, Ltd. v. Superior Court*, 480 U.S. 102 (1987) (O'Connor, J.) (plurality op.). Under this theory, "the placement of a product into the stream of commerce, without more, is not an act of the defendant purposely directed towards the forum State." *Asahi,* 480 U.S. at 112. The Court reasoned in *Bridgeport* that, because NTW's agreement with the distributing entity did not *require* that product be distributed nationally, including in the state of Tennessee, the sales in Tennessee under the distribution agreement were insufficient to establish the purposeful availment prong under *Mohasco*.

The facts of *Bridgeport* are remarkably analogous to the facts of this case. Here, as in *Bridgeport*, the two distribution agreements upon which the plaintiff relies for establishing purposeful availment did not *require* national distribution of the product licensed and did not in any way obligate the licensee to distribute in any state, let alone in Tennessee.[2] Therefore, as in

---

[2] The third agreement upon which the plaintiff relies actually foreclosed distribution in the United States.

7

*Bridgeport*, the distribution agreements upon which the plaintiff relies are insufficient to establish that the defendants purposely availed themselves of the privilege of acting in Tennessee or causing a consequence in Tennessee. The fact that the plaintiff's copyrighted product was distributed in Tennessee under these distribution agreements is insufficient. The contacts are "too random, fortuitous, and attenuated for a finding of purposeful availment." *Bridgeport*, 327 F.3d at 481.[3]

## Conclusion

The plaintiff asserts that this court has specific jurisdiction over the defendants. In order to establish specific jurisdiction, the plaintiff must establish all three prongs of the *Mohasco* test. Because the plaintiff has failed to establish the first prong, purposeful availment, the test for specific jurisdiction cannot be met. This court lacks personal jurisdiction over the defendants. Therefore, this case must be dismissed. For the reasons expressed herein, the Defendants' Motion to Dismiss For Lack of Personal Jurisdiction pursuant to Rule 12(b)(2) of the FEDERAL RULES OF CIVIL PROCEDURE (Docket No. 7) is **GRANTED**, and this case is **DISMISSED**.

It is so **ORDERED.**

Enter this 12th day of June 2007.

_____
ALETA A. TRAUGER
U.S. District Judge

---

[3]The plaintiff's allegations that sales through Amazon.com and at a retail store on West End Avenue in Nashville, Tennessee are somehow attributable to the defendants' activities in the state are unsupported in the record. The plaintiff has failed to establish a link between the Amazon.com sales and the retail sales from the West End store with the defendants or the entities with which they had distribution agreements.
8

Case 3:07-cv-00023   Document 27   Filed 06/12/07   Page 8 of 8 PageID #: 259